**In re Robert H. BONHARD, Pauline S. Bonhard, Debtors.**

**Bankruptcy No. 90–34485.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 5, 1992.

John Hunter, Jr., Toledo, Ohio, for debtors.

Louis J. Yoppolo, Trustee, Toledo, Ohio.

Robert G. Noga, Special Counsel for the Atty. General of Ohio, Columbus, Ohio.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearings on the Trustee's Objection to the Claim of the State of Ohio, Department of Taxation (hereinafter "State"). At the Hearings, the parties had the opportunity to present the arguments and evidence they wished the Court to consider in reaching its decision. The Court has reviewed the arguments and evidence presented, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Claim of the State for treatment as a priority unsecured creditor should be Denied; the Court further Orders the Trustee to refrain from the distribution of the assets of the Debtor Estate until March 1, 1993; the Court further finds that if the sale of the property in question does not yield the entire amount of the State's claim of Six Thousand Three Hundred and Sixty-seven Dollars and Thirty-four Cents ($6,367.34), the state is hereby granted leave to file an amended proof of claim with the Trustee to recover any deficiency.

## FACTS

On December 27, 1990, Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Discharge was granted to the Debtors pursuant to this petition on April 22, 1991.

Prior to the filing of the bankruptcy petition, the State sought and obtained a judgment lien on the Debtors' real property in the amount of Six Thousand Three Hundred and Sixty-seven Dollars and Thirty-four Cents ($6,367.34) to satisfy an unpaid state sales tax claim. The property securing the State's claim has an estimated value between Forty-five Thousand ($45,000) and Sixty Thousand Dollars ($60,000). The following secured interests in the property

have priority over the State's judgment lien: (1) Diamond Savings and Loan first mortgage of Twenty-three Thousand Three Hundred and Nine Dollars and Thirty-eight Cents ($23,309.38); (2) Diamond Savings and Loan second mortgage of Four Thousand Five Hundred Fifty-nine Dollars and Sixty-five Cents ($4,559.65); and (3) a mortgage from the National Bank of Oak Harbor in the amount of Eleven Thousand Four Hundred Sixty Dollars and Twenty Cents ($11,460.20). These secured interests combine with the State's claim to form a total secured interest in the property of Forty-five Thousand Six Hundred Ninety-six Dollars and Fifty-seven Cents ($45,696.57).

Though the Trustee values the property at $60,000, he chose to abandon it because, following the $10,000 exemption allowed the Debtors and the costs of the sale, there would be no funds available for distribution to the unsecured creditors. The State contends that if the property is sold for $45,000, their interest is actually unsecured because the proceeds of the sale will be consumed by the costs of the sale and the other secured creditors with a higher priority than the State. Therefore, the State also filed a proof of claim as a priority unsecured creditor.

The trustee objects to the proof of claim of the State as a priority unsecured creditor because of their status as a secured creditor. The Trustee contends that the same claim cannot have both secured and priority unsecured status.

### LAW

It is clear that the State may not possess a secured interest and a priority unsecured interest in the same claim against the Debtor Estate. The court in *In re Reichert* states that "a claim cannot be both secured and deserving of priority status under § 507 [of the Bankruptcy Code] at the same time." 138 B.R. 522, 526–27 (Bankr. W.D.Mich.1992). Section 506 of the Bankruptcy Code deals with secured claims against the debtor's bankruptcy estate, while the applicability of section 507 is explicitly limited to unsecured claims. *Id.* at

526; 11 U.S.C. §§ 506–507 (1978). Therefore, the same interest cannot be treated as both a secured claim under section 506 and an unsecured priority claim under section 507. Allowing the State to be treated as a priority unsecured creditor, while at the same time allowing them to maintain a secured interest in the Debtors' real property, is patently unfair to the other unsecured creditors. While this would virtually assure the State of collection upon its debt, it does not reflect the intent of Congress in adopting this portion of the Code. "Secured and priority claims are separate types of claims and deserve different treatment." 138 B.R. at 526–27.

Since the State may not possess both a secured and priority unsecured interest in the same claim, and because the State does not wish to abandon its secured interest, the State's claim must be treated by the Court as a secured claim. The troublesome aspect of this result is that treatment of the State's interest as a secured claim may result in the State being unable to recover the recognized tax debt. To prevent this incongruous result, the Court will exercise its equitable powers to afford the State the opportunity to determine the extent of its secured interest in the property prior to the distribution of the assets of the Debtor Estate.

The Court notes that the Automatic Stay expired upon the Debtors' discharge and the State may proceed against the Debtors' real property at any time.

In reaching the conclusions found herein, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly it is

ORDERED that the Claim of the State of Ohio, Department of Taxation for treatment as a priority unsecured creditor be, and is hereby, DENIED.

It is FURTHER ORDERED that the Trustee refrain from distribution of the assets of the Debtor Estate until March 1, 1993, to allow the State an opportunity to

foreclose upon and sell the property in an effort to realize its secured interest.

It is FURTHER ORDERED that the State be, and is hereby, GRANTED leave to file an Amended Proof of Claim if the amount recovered from its secured interest in the Debtors' real property is insufficient to satisfy the tax debt.

It is FURTHER ORDERED that the State shall file with the Court monthly Status Reports describing its progress in the disposition of this matter.